FILED
U.S. DISTRICT COURT
DIV.
2011 OCT -4 AM 11: 49
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TIERRACE S. MOORE, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.: CV611-074
)
ROBERT TOOLE, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tierrace S. Moore ("Moore"), an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss. Moore filed a Reply. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Moore was convicted of one count of armed robbery following a jury trial in the Superior Court of Toombs County. Moore v. State, 481 S.E.2d 892 (Ga. Ct. App. 1997). He was sentenced to life in prison. (Doc. No. 6-1, p. 1). Moore appealed his conviction, and the Court of Appeals of Georgia affirmed. Moore, 481 S.E.2d at 896. Moore filed a certiorari petition in the Georgia Supreme Court, which was denied on May 30, 1997. (Doc. No. 6-1, p. 1).

Moore filed a Motion to Vacate Void and Illegal Sentence in the Superior Court of Toombs County on August 9, 2010. (Doc. No. 2-1, p. 5). The Superior Court of Toombs County dismissed the Motion; Moore appealed the dismissal. (Doc. No. 2-1, pp. 5-6). The Court of Appeals of Georgia dismissed the appeal on April 5, 2011. www.gaappeals.us/docket/results_one_record.php?docr_case_num=A11A0325.

Moore filed the instant petition on June 17, 2011. Moore argues that his life sentence is void and illegal for two reasons: (1) he should not have been sentenced to more than 20 years according to the Georgia First Offender statute, GA. CODE ANN. § 42-8-60, and (2) the trial court erred by considering the death of the armed robbery victim as an aggravating factor in determining his sentence. Respondent contends that Moore's petition should be dismissed as untimely and due to Moore's alleged failure to exhaust his state court remedies.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions by a person in custody pursuant to a judgment of a state court. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C.A. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> (A) the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The applicable statute of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). In order to toll the statute of limitation, the properly filed application for state post-conviction or other collateral review must be filed before the AEDPA statute of limitation has run. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled") (internal punctuation and citations omitted).

Moore argues that the filing of his August 9, 2010, Motion to Vacate Void and Illegal Sentence in the Superior Court of Toombs County tolled the § 2244 statute of limitation applicable to his § 2254 petition. He cites Estes v. Chapman, 382 F.3d 1237 (11th Cir. 2004), in support. In Estes, a properly filed motion to vacate an illegally imposed sentence tolled the one year statute of limitation applicable to Estes' habeas corpus petition. Id. However, Estes is inapplicable to Moore's case because Estes filed his motion to vacate his sentence before the expiration of the habeas one year statute

3

of limitation. See id. at 1238; see also Estes v. Chapman, No. 1:02-CV-1131-JEC (N.D. Ga.).

Under § 2244(d)(1)(A), Moore's conviction became final on August 28, 1997. (Doc. No. 6-1, pp. 3–4). Moore had until August 27, 1998, to file a petition pursuant to § 2254 or to toll the statute of limitation by filing a state collateral attack. He did neither. Moore filed the Motion to Vacate Void and Illegal Sentence in the Superior Court of Toombs County on August 9, 2010, and he filed the instant § 2254 petition on June 17, 2011. Moore's § 2254 petition is untimely and should be dismissed. Respondent's remaining ground for dismissal need not be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Moore's petition be **DISMISSED** for failure to timely file.

**SO REPORTED** and **RECOMMENDED**, this 4th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE