## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

TIERRACE S. MOORE,            )
                                    )
        Petitioner,        )
                                    )
        v.              )     CIVIL ACTION NO.: CV611-074
                                    )
ROBERT TOOLE, Warden,    )
                                    )
        Respondent.    )

## O R D E R

Petitioner Tierrace S. Moore ("Moore") filed an Objection to the Magistrate Judge's Report dated October 4, 2011, which recommended that Moore's 28 U.S.C. § 2254 petition be dismissed. In his Objection, Moore argues that the Magistrate Judge erred in determining that the § 2254 petition is time-barred.

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. As discussed in Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), and in the Magistrate Judge's report, in order to toll the AEDPA statute of limitation applicable to § 2254 petitions, the properly filed application for state post-conviction or other collateral review must be filed before the AEDPA statute of limitation has run. Once the applicable statute of limitation has run, there is no time period remaining to toll. Id.

Moore argues that his Motion to Vacate Void and Illegal Sentence filed in the Superior Court of Toombs County on August 9, 2010, tolled the AEDPA statute of

limitation because Georgia law allows a defendant to file such a motion at any time. (Doc. No. 12, p. 1). Even if a defendant is allowed to file a motion to vacate a void and illegal sentence at any time, in order for such a motion to toll the AEDPA statute of limitation, the motion must be filed before the expiration of that statute of limitation. See Tinker, 255 F.3d at 1333. In each of the four cases Moore cites in support of his Objection the defendant filed the application for state-post conviction relief or other collateral review before the expiration of the AEDPA statute of limitation. Moore did not file his Motion to Vacate Void and Illegal Sentence in the Superior Court of Toombs County before the expiration of the statute of limitation applicable to his § 2254 petition. Therefore, the statute of limitation was not tolled.

Moore's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Moore's 28 U.S.C. § 2254 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this __11__ day of __November__, 2011.

B. ADANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)